UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WOODROW FLEMMING,

                        Plaintiff,

                                                  DECISION AND ORDER

                                                  05-CV-6252L

                v.

DR. WURZBERGER, et al.,


                        Defendants.
_____

Plaintiff Woodrow Flemming, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants Bezalel Wurzberger, M.D., Timothy Kemp, LCSW,[1] and P.A. Louise Tichenor, who were at all relevant times employed by the New York State Office of Mental Health ("OHM"), violated his rights under the Eighth Amendment to the United States Constitution by acting with deliberate indifference to his medical needs.[2] Specifically, plaintiff

---

[1] Kemp, a Licensed Clinical Social Worker, is incorrectly identified in the complaint as a doctor.

[2] The complaint also purports to assert claims under the Fifth and Fourteenth Amendments. The Fifth Amendment has no relevance to the facts of this case. The Fourteenth Amendment is relevant only insofar as that amendment's Due Process Clause makes the Eighth Amendment's bar on cruel and unusual punishment applicable to the states. *Johnson v. Wright*, 234 F. Supp. 2d 352, 358 (S.D.N.Y. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 101 (1976)).
                                                                       (continued...)

alleges that defendants denied plaintiff adequate psychiatric and mental health treatment while plaintiff was confined at Upstate Correctional Facility ("Upstate") in 2005.[3]

Defendants have moved for summary judgment, and plaintiff has filed a cross-motion for summary judgment. For the reasons that follow, defendants' motion for summary judgment is granted, plaintiff's cross-motion is denied, and the complaint is dismissed.

## DISCUSSION

**I. Summary Judgment Standard**

Rule 56(c) provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court's role in summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. When considering a motion for summary judgment, the Court must draw inferences from underlying facts "in the light most

---

[2](...continued)
Accordingly, the Court treats plaintiff's pleadings as raising only a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 101.

[3]Plaintiff's claims against another defendant, DOCS Commissioner Glenn Goord, have previously been dismissed by the Court. (Dkt. #26). The other named defendant, Upstate Superintendent Robert Woods, has never been served and has not appeared in this action.

favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Once the moving party satisfies his initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). Otherwise stated, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-moving party. *Matsushita*, 475 U.S. at 587.

Where the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999). Nevertheless, "proceeding *pro se* does not otherwise relieve [opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, No. 00-Civ.-8594(LAP), 2002 U.S. Dist. LEXIS 25166, at *5 (S.D.N.Y. Jan. 9, 2003); *see also Stinson v. Sheriff's Dep't of Sullivan County*, 499 F.Supp. 259, 262 (S.D.N.Y.1980) (holding that the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended").

**II. Eighth Amendment Claims:  General Principles**

To show that prison medical treatment was so inadequate as to amount to "cruel and unusual punishment" prohibited by the Eight Amendment, plaintiff must prove that defendant's actions or

omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

The "deliberate indifference" component, as explained by the Supreme Court, includes both an objective and subjective element. *Wilson v. Seiter,* 50 U.S. 294, 298-299 (1991). With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective aspect, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosier v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment. Medical malpractice does

not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F. Supp. at 44.

In addition, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

**III. Application to this Case**

In the instant case, it is undisputed that on or about April 5, 2005, plaintiff was transferred from the Walsh Regional Medical Unit ("Walsh") to Upstate. (Dkt. #34 at 1); (Dkt. #37-5 at 2). Upstate is a Special Housing Unit ("SHU"), which houses inmates serving disciplinary sanctions imposed following a disciplinary hearing. (Dkt. #34 at 2). Plaintiff alleges that after being transferred to Upstate, defendants "were deliberately indifferent to his medical needs by denying him his psychiatric and mental health treatment and medication." (Dkt. #37-3 at 7).

In support of their motion, defendants have presented evidence that plaintiff remained under the care of OHM after being transferred to Upstate, and that he continued to be treated for his psychiatric conditions. (Dkt. #34 at 2); (Dkt. #37-2 at 3). The evidence shows that plaintiff's treatment included monthly therapy appointments with the social worker, Kemp, (Dkt. #31 at 2) and,

because there was no on-site psychiatric coverage at Upstate, psychiatric evaluations through two-way video conferencing with Dr. Wurzberger (Dkt. #33 at 3).

Plaintiff has not rebutted these claims by alleging any facts to support his allegation that he was denied medical treatment. Plaintiff's exhibits to his affidavit in support of his cross-motion for summary judgment merely establish that after being transferred to Upstate he did not receive the same treatment and medication that he had been receiving at Walsh. (Dkt. #37-2 Ex. A). Plaintiff's Ambulatory Health Record indicates that while at Walsh, plaintiff was prescribed certain psychiatric medications (Dkt. #37-2 Ex. A), and that after his transfer, Dr. Wurzberger discontinued plaintiff's use of some of those medications while keeping him on others. (Dkt. #33 at 3).

Plaintiff seeks to support his argument that his medical treatment was inadequate by providing "Use of Force Reports" and "Inmate Misbehavior Reports" describing incidents involving plaintiff's misbehavior and refusal to follow orders. (Dkt. #37-2 Ex. C). Plaintiff asserts that his disciplinary problems were a result of his allegedly inadequate medication. *See* Dkt. #37-3 at 6.

Even assuming that plaintiff may use his own misbehavior as evidence of the ineffectiveness of his medication, however, plaintiff offers no evidence to demonstrate that any defendant had the requisite culpable state of mind to act with deliberate indifference. Dr. Wurzberger has submitted a declaration setting forth his reasons for discontinuing certain of plaintiff's medications (Dkt. #33 at 3), and plaintiff has submitted no evidence indicating that those reasons were based on anything other than Dr. Wurzberger's professional judgment.

In short, then, plaintiff's claim is at bottom nothing more than a disagreement over the proper treatment. Although plaintiff may subjectively believe that his care was not adequate or correct, that

difference of opinion does not demonstrate deliberate indifference and does not give rise to an Eighth Amendment claim.  *Goodson v. Evans*, 438 F.Supp.2d 199, 203 (W.D.N.Y. 2006).

### III. Additional Claims

In his motion papers, plaintiff refers to, or attempts to raise, a number of claims, such as a First Amendment retaliation claim, a Fourteenth Amendment equal protection claim, and a Fifth Amendment due process claim, that are not contained in the complaint.  It is well established, however, that a memorandum of law or other motion papers are not proper vehicles by which to raise claims that are not asserted in the complaint.  *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *Ribis v. Mike Barnard Chevrolet-Cadillac, Inc.*, 468 F. Supp. 2d 489, 495 (W.D.N.Y. 2007); *Anderson v. Aset Corp.*, 329 F.Supp.2d 380, 383 (W.D.N.Y. 2004).  In any event, plaintiff has presented no evidence that would support such claims, which are generally vague and conclusory, and which purport to be based on theories that have no apparent connection to the facts of this case.  Accordingly, these claims are dismissed as well.

### CONCLUSION

Defendants motion for summary judgment (Dkt. #30) is granted, plaintiff's cross-motion for summary judgement (Dkt. #37) is denied, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 21, 2007.